

ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (St. Bar #50246)
220 Montgomery Street, Suite 303
San Francisco, CA 94104
Telephone: (415) 392-5431
Fax: (415) 392-1978

Attorneys for Plaintiff

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., Plaintiff, vs. SHEPARD EXPOSITION SERVICES, INC., a corporation, Defendant. | NO. C 07 2984 EDL<br>COMPLAINT |

Plaintiff complains of defendant and for a cause of action alleges that:

1. Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. § 185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. 1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations Act of 1947. This action is also brought pursuant to the Federal Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) in a case of

actual controversy between plaintiff and defendant, and for a Judgment that defendant pay fringe benefit contributions in accordance with its contractual obligations.

2. Plaintiff is an organization incorporated and in good standing under the laws of the State of Washington. Plaintiff has qualified to do business and is doing business in the State of California, and its principal place of business in California is in Daly City, San Mateo County. Plaintiff is the administrator of the WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND and has been directed and authorized by the Trustees of said Trust Fund to bring this action for and on behalf of the Trustees of said Trust Fund. The WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND will hereinafter be referred to as the "TRUST FUND". The Agreement and Declaration of Trust, dated April 26, 1955 (hereinafter referred to as the "Trust Agreement"), which Trust Agreement established the TRUST FUND sets forth the provisions governing the maintenance of the TRUST FUND pursuant to the applicable requirements of Section 302 of the Labor Management Relations Act of 1947 (29 U.S.C. § 186) as amended.

3. Each and every defendant herein is the agent of each and every other defendant herein. Defendants and each of them are engaged in commerce or in an industry affecting commerce.

4. At all times pertinent hereto defendant was bound by a written collective bargaining agreement with Teamsters Local Union No. 85, a labor organization in an industry affecting commerce. The aforesaid agreement provides that defendant shall make contributions to the WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND on behalf of defendant's employees on a regular basis, and that defendant shall be bound to and abide by all the provisions of the Trust Agreement

above referred to.

5. The TRUST FUND relies upon a self reporting system. Defendant has unique knowledge of the amounts of contributions that it is liable to pay each month, and has a fiduciary obligation to accurately report the amount to the TRUST FUND.

6. Defendant has breached both the provisions of the collective bargaining agreement and the Trust Agreement above referred to by failing to complete and send in monthly reports and/or to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUND. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

7. Defendant has failed and refused to pay in a timely manner since February 1, 2007. Pursuant to the terms of the collective bargaining agreement, there is now due, owing and unpaid from defendant to the TRUST FUND contributions for hours worked by covered employees (Pension Account 314939) for the month of February 2007 and liquidated damages and interest which are specifically provided for by said agreement. The total amount due is unknown at this time; additional monthly amounts may become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued. The total amount due in this paragraph is unknown at this time, except to the defendant.

8. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUND or any part thereof; and there is still due, owing and unpaid from defendant

the amounts set forth in Paragraph 7 above.

9. An actual controversy exists between plaintiff and defendant in that plaintiff contends that the TRUST FUND is entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust Agreement, and defendant refuses to make such payments in a timely manner.

10. The TRUST FUND does not at this time seek to audit the books and records of defendant. The only issue raised in this complaint is defendant's failure to complete and file voluntary monthly reports and pay the contributions due. The TRUST FUND seeks to obtain a judgment for any outstanding delinquent contributions based on defendant's reports and to reserve the right to audit defendant for this or any other unaudited period.

11. The Trust Agreement provides that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and a reasonable attorneys' fee. It has been necessary for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and a reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiff of said attorneys.

WHEREFORE, plaintiff prays:

1. That the Court render a judgment on behalf of plaintiff for all contributions due and owing to the date of judgment based upon unaudited reporting forms, plus liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys' fees incurred in prosecuting this action and costs.

2. That the Court enjoin the defendant from violating the

terms of the collective bargaining agreements and the Trust Agreement for the full period for which defendant is contractually bound to file reports and pay contributions to the TRUST FUND.

3. That the Court reserve plaintiff's contractual right to audit defendant for months prior to judgment, and in the event of such audit, collect any additional sums which may be due.

4. That the Court retain jurisdiction of this cause pending compliance with its orders.

5. For such other and further relief as the Court deems just and proper.

Dated: June 6, 2007

ERSKINE & TULLEY

By: ______________________
Michael J. Carroll
Attorneys for Plaintiff